IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIC GRIFFIN                                                                                          PLAINTIFF

V.                                                                                           NO. 3:11CV022-M-A

DEPARTMENT OF JUSTICE, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court *sua sponte* for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, who is federal inmate proceeding *pro se*, filed this complaint pursuant to *Bivens v. Six Unknown Agents of the F.B.N*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). He subsequently filed a motion to amend requesting that the case be treated as a *Bivens* action rather than a 1983 civil matter. *See* 42 U.S.C. § 1983. For purposes of this case, it is a distinction without a difference. *Wilkinson v. Dotson*, 544 U.S. 74, 87, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (Scalia, J., concurring) (nothing that federal prisoners, whose custodians are not state actors, may not sue under 1983).

In his complaint, the Plaintiff complains that the government Defendants have refused to assist in an investigation regarding the alleged disappearance of his son. He also makes an unrelated claim that he was denied a speedy trial for fabricated criminal charges. For relief, the Plaintiff is seeking monetary damages.

### A *Bivens* Claim is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983 or in the case of a federal inmate under a *Bivens* action. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas

corpus relief before bringing a § 1983 or *Bivens* action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before pursuing damages in a § 1983 or *Bivens* action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). A cause of action under 42 U.S.C. § 1983 or *Bivens* does not accrue until the plaintiff's conviction or sentence has been invalidated. *Heck, 512 U.S.* at 489-91. The plaintiff has made no allegation that the underlying criminal charges have been overturned or called into question. As a result, he may not pursue civil action or seek monetary damages. Accordingly, the Plaintiff's complaint is premature and is subject to dismissal for this reason.

As for the unrelated allegation that the government entity failed to investigate the disappearance of his son, it too is subject to dismissal. The government has no duty to protect an individual against private violence. *See DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 197, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). There is no duty to provide citizens with particular protective services. *Id.* There is, thus, no corresponding civil action for the failure to protect or investigate. Therefore, the failure to investigate claim has no merit. The complaint will be dismissed for failure to state a claim.

A final judgment in accordance with this opinion will be entered.

THIS the 29th day of March, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**